UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. 3:03-CR-254   (PCD) |
| | : |
| DALE C. MARTIN | : June 7, 2006 |

**GOVERNMENT'S MOTION FOR DISTRIBUTION OF FUNDS**

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves the Court for an Order distributing funds on deposit with the Court in the amount of $184,357.88. These funds were forwarded to the Court from a receiver on behalf of the defendant, Dale Martin, for purposes of restitution.

The United States respectfully requests that this Court issue the attached Preliminary Order, ordering the distribution of funds on a pro-rata basis as set forth in the attached schedule. Additionally, the United States respectfully requests that this Court allow thirty (30) days for objection or comment before making the Preliminary Order a Final Order of Distribution.

In support of this motion, the Government represents as follows:

1.      On September 5, 2003, the defendant, Dale C. Martin, waived indictment and entered a plea of guilty to a two-count information charging him in count one with Mail Fraud in violation of 18 U.S.C. § 1341, and in count two with Investment Adviser Fraud in violation of 15 U.S.C. §§ 80b-6(1) and 80b-17.

2.      In connection with his plea of guilty, the United States obtained $184,357.88 in funds from the receiver in the case of *SEC v. Zidar*, 00 CV 823 (JCC) (W.D. Wa), (the "Zidar Funds"). The funds had been sent to Zidar/Rosewood in connection with a similar investment scam, however, the funds could not be traced to a specific investor-victim. As such, the Zidar funds were earmarked to be returned to Martin, the defendant herein. As part of his guilty plea, Martin agreed to give up

any and all rights he had in the Zidar funds. The Government now seeks to distribute these funds on a pro-rata basis to the eleven (11) victims of Dale Martin.

3. On December 8, 2005, prior to the imposition of his sentence and an order of restitution, the defendant, who had been ill, passed away.

4. The United States had anticipated that at sentencing this Court would have ordered that the defendant immediately pay restitution to the eleven (11) victims in this case who still had not received funds back to cover their losses, and would have done so pursuant to the Mandatory Victims Restitution Act (MVRA), Title 18, United States Code, Sections 3663, 3663A and 3664(h). Restitution would have been mandatory in this case. 18 U.S.C. 3663A.

5. Although the defendant passed away prior to sentencing and the entry of a restitution order, it remains the Government's position that the task of fairly and accurately distributing the assets in this case, including any other assets identified as available for the victims, be done on a pro-rata basis.

6. As mentioned above, the criminal conduct of the defendant that forms the basis for the Information and Plea in this proceeding was entangled with the conduct of others which has been the subject of criminal and civil proceedings in other jurisdictions, and for which receivers have been appointed to equitably address the numerous claims. To the extent that funds recovered in these other scams were able to be traced directly to victims, those victims have received a pro-rata share of the recovered funds. However, based upon the Government's investigation, none of the victims here has been made whole and the pro-rata distribution of the $184,357.88 will not result in a windfall to any of the victims. Victims who have previously been made whole have not been included in this schedule as they are not due any of the recovered funds.

7. Therefore, the Government moves this Court for an Order distributing the funds as set forth in the attached schedule of distribution. The schedule accurately reflects the amounts of each victim's loss, minus any amounts returned to date.

8. The undersigned attorney for the Government has consulted with the United States Probation Office for this district regarding its intent to request the distribution of funds to the victims in a pro-rata fashion, and the probation office joins in this request.

9. The undersigned Assistant United States Attorney has conferred with the defense counsel who previously represented the defendant, and he has no objection to this motion.

MEMORANDUM OF LAW

The legislative history of the Victim and Witness Protection Act emphasized the need for "legislative action to assist victims ... [to correct] the insensitivity and lack of concern" that has marked the structure of our criminal justice system. Pub.L. 97-291, 1982 U.S.C.C.A.N. 2515-2516. The objective is to try to make the victims as whole as possible – both financially and psychologically. See United States v. Ferranti, 928 F. Supp. 206, 221 (E.D.N.Y 1996). Pursuant to the Victim and Witness Protection Act restitution may be ordered. 18 U.S.C. §§ 3663-3664. Section 3663(a)(1), reads as follows: The court . . . may order, in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense. Section 3663 allows exercise of a broad discretion in providing restitution, in cases such as this one however, restitution is mandatory under the Mandatory Victims Restitution Act ("MVRA"). 18 U.S.C. §§ 3663A (c)(1)(A)(ii) & 3664; Fed. R. Crim. P. 32.

The proposal herein is not contrary to or prohibited by the provisions of the applicable restitution statutes, and best fulfills the purposes and goals of those laws.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY

        /s/

        _____
        MICHAEL S. McGARRY
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. ct25713
        U.S. ATTORNEY'S OFFICE
        157 Church Street, 23rd Floor
        New Haven, CT 06510
        tel. (203) 821-3700
        Michael.McGarry@usdoj.gov

Schedule of Distribution

|   | Victim | Original Investment | Less: Returned Funds | Net Loss | Percentage of Total Net Loss | Pro-Rata % Applied to Recoverable Funds |
|---|---|---|---|---|---|---|
| 1 | Ednah Neugebauer | $313,397.00 | ($87,253.00) | $226,144.00 | 8% | $13,941.96 |
| 2 | Edmund Sontag | $319,169.00 | ($158,671.00) | $160,498.00 | 5% | $9,894.83 |
| 3 | Jeffrey Stickles | $1,624,480.00 | ($552,201.00) | $1,072,279.00 | 36% | $66,106.86 |
| 4 | Robert Martinelli | $376,801.34 | ($95,049.28) | $281,752.06 | 9% | $17,370.24 |
| 5 | Robert Beman | $69,586.00 | | $69,586.00 | 2% | $4,290.03 |
| 6 | Thomas Cosker | $300,000.00 | | $300,000.00 | 10% | $18,495.24 |
| 7 | Betty Cosker | $250,000.00 | | $250,000.00 | 8% | $15,412.70 |
| 8 | John Cosker | $96,000.00 | | $96,000.00 | 3% | $5,918.48 |
| 9 | William Cosker | $500,000.00 | ($100,000.00) | $400,000.00 | 13% | $24,660.32 |
| 10 | Dee Sidoti | $100,000.00 | ($8,200.00) | $91,800.00 | 3% | $5,659.54 |
| 11 | Ingrid Sidoti | $50,000.00 | ($7,702.60) | $42,297.40 | 1% | $2,607.67 |
|   |   |   |   |   |   |   |
|   | TOTAL LOSS | $3,999,433.34 | ($763,152.88) | $2,990,356.46 | 100% | $184,357.86 |

Purpose: This document is designed to be utilized for the pro-rata distribution of recovered, liquid assets ($184,357.86) from Dale Martin (deceased) to his victims:

Procedure: The list of eleven victims and their net loss to date is aggregated to obtain a "Total (Net) Loss." The available funds are then allocated to each victim based on the victim's respective percentage of the Total Net Loss.

Note: The loss amounts listed above were provided by Dale Martin and were corroborated by bank statements where possible.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Government's Motion for Distribution of Funds and proposed Order for Distribution of Funds was sent by United States Mail this 7th day of June 2006, to:

| | |
|---|---|
| Terence S. Ward, Esq.<br>Assistant Federal Public Defender<br>Federal Public Defender's Office<br>10 Columbus Blvd., 6th Floor<br>Hartford, CT 06106 | Beneta Keys<br>U.S. Probation Officer<br>U.S. Probation Office<br>District of Connecticut<br>450 Main St., Room 735<br>Hartford, CT 06103 |

　　　　　　　　　　　　　　__/s/_____
　　　　　　　　　　　　　　MICHAEL S. McGARRY
　　　　　　　　　　　　　　ASSISTANT U.S. ATTORNEY

cc:

| | |
|---|---|
| Jeffery and Jane Stickles<br>130 Beverly Road<br>Hamstead, NH 03841 | Kristin R. Neugebauer<br>Executrix, Estate of Ednah Neugebauer<br>92 Highland Drive<br>Waterbury, CT 06708 |
| Robert and Carolyn Beman<br>7R Broad Hill Road<br>West Granby, CT 06090 | Dee Sidoti<br>P.O. Box 3<br>Winchester Center, CT 06094 |
| Betty Coskar<br>201 International Dr., Unit 645<br>Cape Canaveral, FL 32926 | Ingrid Sidoti<br>172 East Hill Road<br>Canton, CT 06019 |
| John Cosker<br>219 Mt. Stoddard Road<br>P.O. Box 736<br>Stoddard, NH  03484 | Edmund Sonntag<br>1085 Bald Eagle Dr., Unit E504<br>Macro Island, FL  34145 |
| Thomas Cosker<br>One Cosker Drive<br>Cromwell, CT 06416 | Robert and Eleanor Martinelli<br>3505 Mary Place<br>Ellenton, FL 34222 |
| William Cosker<br>122 Paul Terrace<br>Southington, CT 06489 | |